1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12
13
14
15
16
17

EASTERDAY RANCHES, INC., a
Washington corporation,

        Plaintiff,

      v.

U.S. DEPARTMENT OF
AGRICULTURE; ED SHAFER,
Secretary of the U.S. Department of
Agriculture; AGRICULTURAL
MARKETING SERVICE, an
agency of the U.S. Department of
Agriculture; and LLOYD C. DAY,
Administrator of the Agricultural
Marketing Service,

        Defendants.

NO.  CV-08-5067-RHW

**ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING
ORDER AND PRELIMINARY
INJUNCTION**

18
19
20
21
22

      Before the Court is Plaintiff's Motion for Temporary Restraining Order and
Preliminary Injunction (Ct. Rec. 2). A telephonic hearing on this matter was held
on September 25, 2008. Plaintiff was represented by Michael B. Gillett;
Defendants were represented by Assistant United States Attorney Rolf H.
Tangvald. This order memorializes the Court's oral ruling.

23
24
25
26
27
28

      Plaintiff challenges an Interim Final Rule promulgated by Defendants, and
seeks an injunction to prevent the rule from going into effect on September 30,
2008. The rule implements 7 U.S.C. § 1638a (a provision of the 2008 Farm Bill),
which requires notice to consumers of the country of origin of certain covered
commodities (including beef products, at issue here). Because the Court finds that
Plaintiff has not shown a likelihood of success on the merits, the Court denies

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION** * 1

Plaintiff's motion.

## STANDARD OF REVIEW

This Court has discretion to grant a temporary restraining order or preliminary injunction in the exercise of its equitable powers. Fed. R. Civ. P. 65. In exercising those powers, the Court must balance "the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor Inc. v. Los Angeles,* 340 F.3d 810, 813 (9th Cir. 2003). Traditionally, a plaintiff must show: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co.,* 774 F.2d 1371, 1374 (9th Cir. 1985). Alternatively, a preliminary injunction may be granted upon a plaintiff's showing that "serious questions are raised and the balance of hardships tips sharply in his favor." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005) (quoting *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)). These are but two formulations of the same test, "outer reaches of a single continuum." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff attempts to show a likelihood of success on the merits by arguing that Defendants' action in promulgating the Interim Final Rule is arbitrary and capricious. The Administrative Procedure Act provides that a reviewing court shall "hold unlawful and set aside agency action... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency's rule may violate this standard where the agency has:

> relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** * 2

1
2

> an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

3
4

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (U.S. 1983).

5
6
7
8
9
10
11
12

Plaintiff asserts that Defendants have entirely failed to consider an important aspect of the problem, viz.: the relationship between this rule and preexisting Treasury Department rules regarding country of origin labeling (hereinafter "COOL") that were promulgated under the Tariff Act of 1930 (19 U.S.C. § 1202 *et seq.*). Plaintiff argues that Defendants have proceeded on the erroneous premise that there are no overlapping federal rules, and as a consequence have failed to harmonize the present rule with Treasury's rules.

13
14
15
16
17
18
19
20
21
22
23

According to Plaintiff, under existing Treasury rules the labels of beef products derived from cattle born in another NAFTA country (such as Canada) but raised and slaughtered in the United States may indicate the products' country of origin as the United States. This stems from the so-called "Gibson-Thomsen" or substantial transformation test,[1] which generally applies to imported articles subject to the Tariff Act's marking requirements. For goods imported from a NAFTA country, Treasury's rules provide that the foreign origin of a product need not be labeled where that product is sufficiently altered in a U.S. manufacturing process to undergo a shift in tariff classification. *See* 19 C.F.R. § 102.11(a)(3). In contrast, the Interim Final Rule now promulgated by Defendants provides that the beef product in the above example (viz., a beef product derived from a cow born in

24
25
26
27
28

---

[1]*See* 19 C.F.R. § 134.35 (recognizing exemptions from the Tariff Act's marking requirements for imported articles that are substantially changed during manufacturing or processing in the United States). The name of this test derives from a decision of the U.S. Court of Customs and Patent Appeals: *U.S. v. Gibson-Thomson Co., Inc.*, 1940 WL 4085 (Cust. & Pat. App. 1940).

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** * 3

Canada but raised and slaughtered in the United States) must be labeled as a "Product of the United States and Canada." 73 Fed. Reg. 45,150 (Aug. 1, 2008) (to be codified at 7 C.F.R. § 65.300(e)(1)(i)).

Contrary to Plaintiff's assertions, the record indicates that Defendants did in fact consider the Treasury rules cited by Plaintiff, but found that the current Interim Final Rule was mandated by the Farm Bill and would not change the requirements of the Tariff Act regulations. In its comments about the proposed rule in 2003, Defendants noted:

> Under current Federal laws and regulations, country of origin labeling is not universally required for the commodities covered by this rule. In particular, labeling of U.S. origin is not mandatory, and labeling of imported products at the consumer level is required only in certain circumstances. Thus, USDA has not identified any Federal rules that would duplicate or overlap with this proposed rule.

68 Fed. Reg. 61,974 (Oct. 30, 2003).

In promulgating this Interim Final Rule, Defendants included almost verbatim observations:

> Under preexisting Federal laws and regulations, COOL is not universally required for the commodities covered by this rule. In particular, labeling of United States origin is not mandatory, and labeling of imported products at the consumer level is required only in certain circumstances. Thus, the Agency has not identified any Federal rules that would duplicate or overlap with this rule.

73 Fed. Reg. 45,140 (Aug. 1, 2008).

In addition, Defendants note, "Covered commodities imported in consumer-ready packages are currently required to bear a country of origin declaration on each individual package under the Tariff Act of 1930 (Tariff Act). This interim final rule does not change these requirements." 74 Fed. Reg. 45,112 (Aug. 1, 2008). Finally, the Court finds that Defendants responded to comments that specifically raised the substantial transformation test at the heart of Plaintiff's argument:

> With respect to the issue of substantial transformation, the law specifically defines the criteria for a covered commodity to be labeled

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION * 4**

1    as having a United States country of origin. Imported covered
2    commodities do not generally meet this criteria and, therefore, may
     not bear a declaration that identifies the United States as the sole
     country of origin.

3    73 Fed. Reg. 45,116 (Aug. 1, 2008).

4    
5        Regardless of any alleged overlap between these two sets of rules,

6    Defendants' Interim Final Rule states that Defendants see no alternative to their

7    implementation of the Farm Bill's "statutory directive." 73 Fed. Reg. 45,126 (Aug.

8    1, 2008).[2] Responding to this language, Plaintiff asserts that Defendants have

9    concluded that the Farm Bill impliedly repealed the Tariff Act, the NAFTA

10   Implementation Act, and the Treasury Department regulations. Plaintiff argues that

11   Defendants should instead craft an exception to the new mandatory COOL rule

12   which would apply Treasury's substantial transformation test to covered

13   commodities, such as beef products.

14       Defendants appear to have reached the opposite conclusion: that the

15   mandatory COOL for certain covered commodities will stand as an exception to

16   the general marking rules promulgated by the Treasury Department. Plaintiff cites

17   no case law, and the Court finds none, holding agency action to be arbitrary and

18   capricious under circumstances similar to these. Rather, the case law establishes

19   that when courts construe agency regulations alleged to be in conflict, "there is a

20   presumption in favor of finding harmony between two regulations dealing with

21   

22       [2]As Defendants correctly note in their response to Plaintiff's motion, this
23   Interim Final Rule implements the Farm Bill's language almost verbatim. *See* 7
24   U.S.C. § 1638a(a)(2)(A)(i) (providing that a retailer of a beef product may
     designate the product as exclusively having a U.S. country of origin *only* if it was
25   derived from a cow that was "exclusively born, raised, and slaughtered in the
26   United States"); § 1638a(a)(2)(B)(i) (providing that a retailer of a beef product
27   derived from a cow that was partially but not exclusively born, raised, and
     slaughtered in the U.S. may designate the U.S. as one of the countries of origin, but
28   cannot designate the U.S. as the exclusive country of origin).

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION** * 5

similar subjects." *Kearfott Guidance & Navigation Corp. v. Rumsfeld*, 320 F.3d 1369, 1377 (Fed. Cir. 2003). Here, as in *Kearfott*, the administrative history demonstrates that Defendants specifically considered but rejected the possibility of conflict between an existing rule and a newly promulgated one. *Id.* Defendants are entitled to a presumption that the rules are in harmony -- that is,  that the Interim Final Rule can stand as a limited exception to the Treasury rules, the operation of which will not be otherwise affected.

Plaintiff has not rebutted the presumption against conflict. Even assuming that Plaintiff could rebut that presumption, the plain language of the Farm Bill remains. In other words: even if the rules are in conflict, that conflict was created by Congressional action, not agency action. Congress has "directly spoken to the precise question at issue," and both this Court and Defendants "must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984). Therefore, the Court finds that Plaintiff has not shown a likelihood (let alone a strong likelihood) of success on the merits.

Because Plaintiff has failed to demonstrate a chance of success on the merits, the Court need not determine whether Plaintiff has shown irreparable harm, nor balance the relative hardships. *Global Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007).

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Ct. Rec. 2) is **DENIED**.

///

///

///

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** * 6

1    **IT IS SO ORDERED.**  The District Court Executive is hereby directed to

2  enter this Order and to furnish copies to counsel.

3    **DATED** this 25th day of September, 2008.

4                                *S/ Robert H. Whaley*

5                              ROBERT H. WHALEY
                            Chief United States District Judge
6

7

8  Q:\CIVIL\2008\Easterday\deny.TRO.ord.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION** * 7